OPINION
Anthony Collins was charged by complaint signed by the complainant, John Reid, with aggravated menacing, a first degree misdemeanor. Collins entered a plea of no contest on the day set for trial and was found guilty. He was sentenced to 180 days with credit for 18 days spent in jail prior to the trial date. The trial court indicated it would modify the sentence, if necessary, to accommodate the State of California, which was in the process of extraditing Collins to that state.
Collins advances two assignments of error on appeal, the first of which states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FAILING TO REQUIRE THE STATE TO PRESENT EVIDENCE AS TO EACH ELEMENT OF THE CHARGE AS REQUIRED BY O.R.C. 2937.07 AND RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE PRIOR TO MAKING A FINDING OF GUILTY.
Collins is correct when he relates that the trial court made its finding of guilty upon his no contest plea before the "explanation of circumstances" required by R.C. 2937.07 was presented. The issue presented by this assignment is whether this was fatal to the validity of the conviction and sentence.
We have held that a defendant is entitled to be acquitted where the explanation of circumstances fails to establish all of the elements of the offense. State v. Gilbo (1994), 96 Ohio App.3d 332,337. We do not understand Collins to argue that the explanation of circumstances — which consisted of brief statements by the complaining witness and police officer David Wilkinson — failed to establish the elements of aggravated menacing. Nor did Collins, who was represented by counsel, so argue before the trial court.
We believe it to be clear that R.C. 2937.07 contemplates that a trial court will not make a finding upon a plea of no contest until the explanation of circumstances has been provided. Nevertheless, we think that where the record reflects that an explanation of circumstances was provided, and did establish the essential elements of the offense, the trial court's putting the cart before the horse, as happened here, was at most harmless error.
The first assignment is overruled.
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF DEFENDANT-APPELLANT BY ACCEPTING A PLEA OF NO CONTEST AFTER THE DEFENDANT-APPELLANT HAD DENIED MAKING THREATS AND THAT EVIDENCE TO SUPPORT HIS CLAIM HAD BEEN LOST BY STATE REPRESENTATIVES.
Following the explanation of circumstances, Collins addressed the court and essentially denied the offense. Collins argues that because he denied the offense, the trial court should have refused to accept his no contest plea. We disagree. Collins pleaded no contest on the day set for trial. He was represented by counsel. The complaining witness was present. The trial court advised Collins that he was giving up his right to a trial and that on a no contest plea "in all likelihood this would result in a finding of guilty" and while Collins "would be able to make a statement in mitigation of the offense . . . (he) could not contest the facts in the complaint." Collins acknowledged his understanding of the procedure. The trial court's advice to Collins was in accord with Ohio law, Gilbo, supra, 337.
It would appear that a video tape that may have been helpful to Collins was erased, and that this circumstance may have informed his decision to plead no contest. In any event, we find no support for Collins' contention that his no contest plea was not voluntarily, intelligently, or knowingly made, or that the trial court was somehow derelict in accepting the no contest plea. If Collins wanted to contest the charges, he should have stood on his not guilty plea and gone to trial.
The second assignment is overruled.
The judgment will be affirmed.
GRADY, P.J. and BROGAN, J., concur.